IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DETLEF F. HARTMANN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-33 (MN) |
| | ) | |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

At Wilmington, this 16th day of September 2021:

## I.     BACKGROUND

In January 2020, Petitioner Detlef F. Hartmann ("Petitioner") filed papers seeking a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition").  (D.I. 3).  The Petition appears to challenge a violation of probation ("VOP") sentence he received in September 2019.  Since Petitioner's first filing in January 2020, he has filed numerous repetitive and duplicative amendments, supplements, appendices, and motions some of which appear to support the contentions in his Petition and some of which appear to raise arguments and concerns unrelated to his habeas request.  This Memorandum addresses several motions filed by Petitioner in which he seeks injunctive/mandamus relief unrelated to the VOP challenge asserted in his habeas Petition. (D.I. 11; D.I. 13; D.I. 28; D.I. 29; D.I. 43; D.I. 46 at 5-34).  Given the voluminous nature of the motions and the duplicative and mostly indiscernible assertions contained therein, the Court finds it helpful to address the motions collectively rather than individually.

## II.    **DISCUSSION**

Petitioner has filed six motions seeking injunctive and mandamus relief.  All of the motions allege general complaints about inadequate medical care (D.I. 29 at 2, 5-8, 27, 46), inadequate access to the courts and legal process (D.I. 11; D.I. 13 at 1; D.I. 43), inadequate internet access and computer use (D.I. 13 at 1; D.I. 29 at 1, 9, 19) inadequate email access (D.I. 29 at 9), inadequate notification of inmate housing rules and DOC policies (D.I. 29 at 10), inadequate prison grievance procedures (D.I. 29 at 11), inadequate mail procedures (D.I. 29 at 31; D.I. 43), and overall harmful conditions (D.I. 28-2 at 8).  The motions also allege a general overall need for complete mental health screening (D.I. 29 at 12), healthcare for matters other than COVID-19 (D.I. 29 at 12), access to all USDA nutrients for life (D.I. 29 at 14), and adherence to the Administrative Procedures Act ("APA").  In addition, Petitioner alleges that the use of handcuffs and shackles constitutes cruel and unusual punishment, (D.I. 29 at 16), and that he will be "irreparably harmed" if he is "forced to exhaust prison (DOC) grievance system" (D.I. 28-2 at 5).

Whether Petitioner's requests are treated as requests for mandamus relief or as requests for preliminary injunctions/TROs, such extraordinary relief is difficult to obtain.  For instance, to obtain a writ of mandamus, Petitioner must satisfy the following three conditions:  (1) he must demonstrate that he has "no other adequate means to attain the relief he desires" *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004); (2) he must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable" *Id.* at 381; and (3) "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances" *Id.*  In order to obtain a preliminary injunction or temporary restraining order, Petitioner must demonstrate that:  (1) he is likely to succeed on the merits; (2) denial will result in his irreparable injury; (3) granting the injunction will not irreparably harm the nonmoving party; and (4) granting the injunction is in the

public interest. *See Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1997). Petitioner's failure to establish any one of these four factors renders injunctive relief improper. *See Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). Additionally, given the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *See Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009).

In this case, Petitioner has failed to demonstrate his entitlement to a writ of mandamus or preliminary injunctive relief because his complaints are unrelated to the instant habeas proceeding. Petitioner may pursue much of relief he requests via a 42 U.S.C. § 1983 action filed in this Court meaning that he has "other adequate means to attain the relief he desires" (condition for mandamus relief) and that he will not be irreparably harmed by the Court's denial of the instant request (condition for injunctive relief). Accordingly, the Court will deny the instant motions for injunctive/mandamus relief. (D.I. 11; D.I. 13; D.I. 28; D.I. 29; D.I. 43; D.I. 46 at 5-34).

Petitioner has also filed a motion titled "Motion for Special Master or Alike for PLED MIT [Mandamus/Injunction/Temporary Restraining Order] Needs." (D.I. 35). He appears to be asking the Court to "appoint" a Special Master to oversee the enforcement of any injunctive or mandamus relief. Given the Court's conclusion that Petitioner is not entitled to injunctive or mandamus relief, the Court will dismiss his Motion for a Special Master as moot.

Finally, the Court cannot conclude without commenting on the fact that the issues raised in Petitioner's motions for injunctive/mandamus relief suggest he may also be attempting to challenge the conditions of his confinement or raise medical issues. As previously discussed, such matters are not properly pursued via 28 U.S.C. § 2254. Rather, suits challenging state administrative/health procedures or conditions of confinement are properly brought pursuant to

42 U.S.C. § 1983.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("requests for relief turning on circumstances of confinement may be presented in a § 1983 action").  **The Court hereby informs Petitioner that any future filings raising prison condition issues and/or medical issues will not be filed in this proceeding but will be viewed as initiating a new case opening.**

III.     <u>**CONCLUSION**</u>

NOW, THEREFORE, for the reasons stated above, IT IS HEREBY ORDERED that Petitioner Detlef F. Hartmann's motions for injunctive /mandamus relief (D.I. 11; D.I. 13; D.I. 28; D.I. 29; D.I. 43; D.I. 46 at 5-34) are **DENIED**.  IT IS FURTHER ORDERED that Petitioner's Motion for Special Master (D.I. 35) is **DENIED** as moot.

The Honorable Maryellen Noreika
United States District Court Judge