IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF HARTMANN, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 20-33-GBW |
| ROBERT MAY, Warden, and the ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

**I.     INTRODUCTION**

The Court denied Petitioner's most recent § 2254 Petition on March 27, 2023. (D.I. 120; D.I. 121) On June 16, 2023, Petitioner filed, *inter alia*, the following two Motions: (1) Motion for Judgment as a Matter of Law (D.I. 138); and (2) Rule 60(b) Motion to Void Judgments in Petitioner's Delaware Superior Court Case No. 9912000027 (D.I. 147). Given the timing of the Motions and the assertions contained therein, the Court liberally construes the Motions as seeking reconsideration of the Court's March 27, 2023 denial of his § 2254 Petition pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b) Motions"). For the reasons discussed, the Court will dismiss Petitioner's Rule 60(b) Motions.

## II. BACKGROUND

The procedural background of Petitioner's convictions is fully set forth in the Court's March 27, 2023 Opinion. (D.I. 120 at 3-8) To briefly summarize, in 2001, Petitioner was convicted of second degree unlawful intercourse and unlawful sexual contact; the victim was a thirteen-year-old boy. (D.I. 120 at 3) The Delaware Superior Court sentenced Petitioner to an aggregate of nineteen years of incarceration, suspended after ten mandatory years for decreasing levels of supervision; Petitioner was also designated a Tier III sex offender. In 2003, Petitioner filed a § 2254 petition challenging his 2001 convictions, which the Honorable Joseph J. Farnan denied as time-barred in 2004. (*Id.* at 4)

In 2009, while Petitioner was serving probation, the Superior Court modified the no-contact provision of Petitioner's sentence to forbid him from contacting any minor child. (D.I. 120 at 4) In 2012, Petitioner was found to have violated his probation ("2012 VOP") and the Superior Court sentenced him to four years at Level V, followed by probation. (D.I. 120 at 5) In April 2012, Petitioner filed a second § 2254 petition challenging his 2012 VOP and the Superior Court's 2009 modification of his sentence. The Honorable Sue L. Robinson denied Petitioner's second § 2254 petition in 2013 because the claims were not cognizable on federal habeas review. (D.I. 120 at 6)

2

In 2014, the Superior Court modified Petitioner's VOP sentence to reflect that the Level V portion of his sentence would not be suspended until Petitioner successfully completes the sexual adjustment programs. (D.I. 120 at 6)

In 2019, the Superior Court found Petitioner in violation of his probation ("2019 VOP") and sentenced him to two years of Level V Transitions Sex Offender Program. (D.I. 120 at 7)

In 2020, Petitioner filed a § 2254 Petition challenging his 2001 convictions, his 2012 VOP, and his 2019 VOP. On March 27, 2023, the Court denied the claims challenging Petitioner's 2001 convictions as unauthorized second or successive claims, denied the claims challenging his 2012 VOP as time-barred, and denied the claims challenging his 2019 VOP as procedurally barred or because they failed to warrant relief under § 2254(d). (D.I. 120; D.I. 121) Petitioner filed a notice of appeal from that decision on May 16, 2023 and then, on June 16, 2023, filed the pending construed Rule 60(b) Motions for Reconsideration (D.I. 138; D.I. 147 at 1) On August 23, 2023, the Third Circuit dismissed Petitioner's notice of appeal concerning the denial of his 2020 Petition as untimely filed. (D.I. 149)

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

3

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach ... that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120.

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petition, the court must

4

first determine if the Rule 60(b) motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). In *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). *Id.* at 531.

Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV. DISCUSSION

In Claims One and Two of his most recent § 2254 Petition, Petitioner alleged that the Delaware Division of Family Services – not the Superior Court – had personal and subject matter jurisdiction over his case, and that he is immune from criminal prosecution because he is a member of a legally protected class. (D.I. 120 at 15) The Court dismissed these Claims for lack of jurisdiction after concluding that they constituted unauthorized second or second habeas requests. (D.I. 120 at 18-20)

In his first construed Rule 60(b) Motion (Motion for Judgment as a Matter of Law), Petitioner appears to contend that the Superior Court lacked jurisdiction over his case and that there was no genuine issue of material fact. (D.I. 138 at 1) In his second construed Rule 60(b) Motion (Motion to Void All Judgments), Petitioner contends that "all legal proceedings and documents" in Case No. 9912999927 "are legally void" because the Superior Court lacked subject matter jurisdiction over his case. (D.I. 147 at 1) These arguments attack Petitioner's underlying 2001 convictions and do not challenge the manner in which the Court's 2023 habeas judgment was procured. Thus, the instant Motions are not true Rule 60(b) motions for reconsideration.

6

Instead, the instant Motions constitute a second or successive habeas request for purposes of § 2244. Since there is no indication that the Third Circuit Court of Appeals authorized the filing of the pending Motions, the Court will dismiss the instant construed Rule 60(b)(6) Motions for lack of jurisdiction.[3] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## V. CONCLUSION

For the aforementioned reasons, the Court will dismiss the instant construed Rule 60(b)(6) Motions for Reconsideration because they constitute an unauthorized second or successive habeas request. The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v.*

---

[3]Nothing in the instant Rule 60(b)(6) Motions comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Therefore, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit.

*Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: December 19, 2023

                                                  GREGORY B. WILLIAMS
                                                  UNITED STATES DISTRICT JUDGE